# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Hedstrom Corporation )
) 03  12308 PBS
Plaintiff, )
) MAGISTRATE JUDGE Bowler
v. )  Civil Action No.
)
JumpSport, Inc., )
)
Defendant. )
)

AMOUNT $150  5/18/20
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK  F.O.M
11/19/03

## COMPLAINT

NOW COMES plaintiff, Hedstrom Corporation, and complains that:

### PARTIES

1. Plaintiff Hedstrom Corporation ("Hedstrom") is a corporation organized under the laws of the State of Delaware, having its principal place of business in Mount Prospect, the County of Cook, Illinois.

2. JumpSport, Inc. ("JumpSport") is a corporation organized under the laws of the State of California having its principal place of business located in Saratoga, in the County of Santa Clara, California.

### JURISDICTION

3. Jurisdiction of this Court arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1331 (Federal question), and § 1338(a) (patent case). Venue is proper here under 28 U.S.C. § 1331 (Federal question), and § 1338(a) (patent case). Venue is proper here under 28 U.S.C. § 1391(b). This Court has

1

personal jurisdiction over JumpSport by virtue of its activities conducted in the Commonwealth.

## FACTUAL BACKGROUND

4. Hedstrom manufactures, markets, sells and offers for sale a wide selection of consumer products, including trampoline products, to customers in the United States.

5. JumpSport is engaged in the business of manufacturing, marketing, selling and/or offering for sale trampoline products.

6. On information and belief, JumpSport is the owner by assignment of U.S. Patent Nos. 6,053,845 (the "'845 patent") and 6,261,207 (the "'207 patent") that were issued by the U.S. Patent and Trademark Office ("PTO").

7. JumpSport has charged Hedstrom with infringement of the '845 and '207 patents, and has verbally threatened to take legal action against Hedstrom.

8. This action is for a declaratory judgment that none of Hedstrom's products infringes any valid claim of the '845 and '207 patents.

## COUNT I
(Declaratory Judgment)

9. Hedstrom incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though the same were fully rewritten herein.

10. A substantial and continuing controversy exists between Hedstrom and JumpSport with regard to the alleged infringement of the '845 and '207 patents by Hedstrom's products.

11. Hedstrom's products do not infringe any valid claim of the '845 and '207 patents.

12. On information and belief, the '845 and '207 patents are invalid, unenforceable, or void because of their failure to comply with one or more of 35 U.S.C. §§ 102, 103 and 112.

13. On information and belief, JumpSport is barred from asserting the '845 and the '207 patents against Hedstrom under the doctrines of res judicata and collateral estoppel.

## PRAYERS FOR RELIEF

WHEREFORE, Hedstrom prays that judgment be entered by this Court in its favor and against JumpSport, as follows:

A. Declaring that none of Hedstrom's products infringes any valid claim of the '845 and '207 patents;

B. Declaring that the '845 and '207 patents are invalid, unenforceable, or void for failing to comply with one or more of 35 U.S.C. §§ 102, 103 and 112;

C. Declaring that JumpSport is barred from asserting the '845 and the '207 patents against Hedstrom under the doctrines of res judicata and collateral estoppel.

D. Enjoining JumpSport, its officers, employees, agents, attorneys, and those in active concert with them, from enforcing or threatening to enforce the '845 and '207 patents against Hedstrom;

E. Finding this action exceptional under 35 U.S.C. § 285, and awarding Hedstrom its costs and reasonable attorneys' fees incurred as a result of this action; and

F. Awarding Hedstrom such other and further relief as this Court may deem just.

## JURY DEMAND

Hedstrom demands a trial by jury on all issues triable of right by a jury which are raised for determination by this Complaint and Jury Demand or which may be raised by any pleading or amended pleading, including any counterclaim, to be filed herein.

HEDSTROM CORPORATION

By Its Attorneys,

_____
Thomas C. O'Konski (BBO # 377475)
John L. Capone (BBO # 656150)
Kevin Gannon (BBO # 640931)
Cesari and McKenna, LLP
88 Black Falcon Avenue
Boston, Massachusetts 02210
Tel. (617) 951-2500
Facsimile (617) 951-3927

Dated: November 18, 2003