IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
HEDSTROM CORPORATION,                          )
                                               )
                    Plaintiff                  )
                                               )      Docket No: 03 12308 PBS
                    - v -                       )
                                               )
JUMPSPORT, INC.,                               )
                                               )
                    Defendant.                 )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


DECLARATION OF DANIEL J. KROLL IN SUPPORT
OF DEFENDANT JUMPSPORT, INC.'S MOTION TO DISMISS OR TRANSFER

        I, Daniel J. Kroll, declare:

        1.      The following declaration is based on my personal knowledge, unless otherwise

stated, and if called upon to testify, I could testify competently as to the matters set forth herein.

        2.      I am an affiliate counsel at the offices of Legal Strategies Group, counsel for

Defendant JumpSport, Inc. ("JumpSport") in this action.  Legal Strategies Group will shortly be

filing to be admitted to practice *pro hac vice* in this Court.  JumpSport is also represented in this

lawsuit by local counsel Choate, Hall & Stewart.

        3.      On February 25, 2004, I met and conferred with counsel for Plaintiff Hedstrom

Corporation, Tom O'Konski of Cesari & McKenna, about the filing of this motion, pursuant to

Local Rule 7.1(a)(2).  In that communication, I discussed the grounds upon which JumpSport

would move to dismiss or transfer this lawsuit.  Mr. O'Konski stated that Hedstrom would

oppose the motion.

4.     On February 24, 2004, I performed a search on the internet for Hedstrom Corporation, plaintiff in this lawsuit, and located its website, www.hedstrom.com.  Attached hereto as Exhibit A are true and correct copies of pages from that website.  The pages describing the "Backyard & Fun" division of Hedstrom, which is the division of Hedstrom that manufactures and markets products including trampolines and safety enclosures, state that the manufacturing facilities are located in Bedford, Pennsylvania, and Collingwood, Ontario.  The "Press Release" portion of the website contains two Hedstrom press releases regarding trampolines and safety enclosures.  Both of those releases have addresses for Hedstrom as follows:  "3436 North Kennicott Avenue, Arlington Heights, IL 60004-7601."  One of the press releases refers to the Hedstrom contact person regarding the trampoline products as "Glenn Kilbride, Hedstrom Corporation, 847-259-4468."  The 847 area code is for Northern Illinois, including Arlington Heights.  The other press release refers to the "manufacturer" of those products as "Hedstrom Corp., of Bedford, Pa."

5.     I did not see any reference on the Hedstrom website to any Hedstrom connection with Massachusetts.

6.     Prior to Hedstrom's filing of the present declaratory relief lawsuit, JumpSport and Hedstrom (and other defendants) have litigated, for over two years, substantially the same issues of law and fact raised in this lawsuit in a previous infringement and declaratory relief action filed by JumpSport in the U.S. District Court for the Northern District of California on December 19, 2001.  Our firm represented JumpSport throughout that litigation.  Attached hereto as Exhibit B is a true and correct copy of JumpSport, Inc.'s Second Amended Complaint in that lawsuit, *JumpSport, Inc. v. Jumpking, Inc. et al.*, Case No. 01-4986 PJH (N.D. Cal.) (the "First Infringement Action"), which amended complaint was filed on September 13, 2002.

7.     Like the present Hedstrom declaratory relief action, the First Infringement Action sought an adjudication of the extent to which Hedstrom trampoline enclosure products infringed the JumpSport patents, and Hedstrom sought a judicial determination that the JumpSport Patents were invalid or unenforceable by reason of anticipation or obviousness in light of prior art, or by inequitable conduct on the U.S. Patent and Trademark Office (PTO).  The only real difference between that action and Hedstrom's present declaratory relief action is that, with respect to Hedstrom and the retailer defendants who have sold Hedstrom products, the infringement claims in the First Infringement Action were limited to one model of Hedstrom trampoline enclosure products -- the unitized "JumpGuard" product, which is a trampoline sold together with an enclosure.

8.     In the First Infringement Action, Hedstrom and JumpSport took extensive discovery in the Northern District of California and elsewhere (including numerous depositions of JumpSport witnesses in California and Hedstrom witnesses in Pennsylvania) relating to the JumpSport Patents and Hedstrom's products.  That discovery related not just to the JumpGuard products but also to other Hedstrom enclosures which are at issue in this present lawsuit.

9.     The judge in the First Infringement Action, the Hon. Phyllis J. Hamilton, presided over the parties' infringement and patent validity/enforceability dispute from its inception in December 1991 throughout a month-long trial that began on November 3, 2003, and concluded in a jury verdict on December 5, 2003.  Judge Hamilton is also currently deciding several post-trial motions that the parties recently finished briefing, regarding matters that remained for court, rather than jury, determination, including defendants' defenses that the JumpSport Patents are unenforceable because of inequitable conduct by JumpSport inventors on the PTO, or because of incorrect inventorship.

10.     Over the course of the trial, Judge Hamilton made a series of rulings on hotly contested issues that also relate directly to issues raised in the present declaratory relief action, including the meaning and scope of the claims in the JumpSport Patents, and the validity and/or enforceability of those claims.  For example, in a series of claim construction or "Markman" rulings on April 1, 2003, June 10, 2003, and July 18, 2003, the Court made rulings -- following extensive briefing and evidence submitted by the parties -- on the meaning of all of the relevant disputed terms in the JumpSport Patents.  Attached hereto as Exhibit C is a true and correct copy of the Court's "Final Consolidated Claim Construction Order," which is a chart summarizing Judge Hamilton's series of claim construction rulings in those previous orders.

11.     Judge Hamilton also issued a carefully considered Order, dated June 2, 2003, ruling on Hedstrom's and the other defendants' motions for summary judgment under 35 U.S.C. §§ 102 and 103, which asked for an order that the claims of the JumpSport Patents are invalid by reason of obviousness or anticipation by prior art references, including alleged "prior art" trampoline enclosures built in 1987 by William Curtis and another enclosure allegedly built and sold by Wayne Rich in the late 1970s and early 1980s.  Attached hereto as Exhibit D is a true and correct copy of the court's Order on that motion, dated June 2, 2003.

12.     Although JumpSport's complaint in the First Infringement Action did not specify the allegedly infringing Hedstrom products by name, in pretrial infringement contentions JumpSport specified that the Hedstrom "JumpGuard" product infringed the JumpSport Patents. When trial began in the First Infringement Action on November 3, 2003, Hedstrom made an oral motion in court for an order clarifying that JumpSport's infringement claims extended only to the "JumpGuard" units, and not to other Hedstrom trampoline enclosures.  In a ruling on November 5, 2003, the Court granted the motion.  Attached hereto as Exhibit E is a true and correct copy of

the court's "Order Re Nov. 3 Filings" pertaining to that oral motion and other matters, dated November 5, 2003.

13.     On November 10, 2003, JumpSport filed a request for the Court to reconsider its November 5th ruling.  Attached hereto as Exhibit F is a true and correct copy of JumpSport's letter brief request on that issue.  Hedstrom opposed that request in a response dated November 13, 2003.  Attached hereto as Exhibit G is a true and correct copy of that opposition, with Exhibits 1 and 2 (other exhibits omitted).  In its request, JumpSport asked that its infringement claim against Hedstrom not be limited to the JumpGuard product, because JumpSport believed that other Hedstrom enclosures (which do not differ in substantial ways from the JumpGuard units) infringed the JumpSport Patents, and because JumpSport did not intend to limit its claims to the JumpGuard units.  JumpSport argued, *inter alia*, that if the Court ordered the claims limited to the JumpGuard product, JumpSport would bring other claims against Hedstrom regarding such other products in a new and separate action, after the jury verdict in the First Infringement Action.

14.     The Court denied JumpSport's reconsideration request in a trial ruling on November 14, 2003.  Attached hereto as Exhibit H are true and correct copies of pages 1212 through 1215 from the trial transcript in the First Infringement Action, which contains Judge Hamilton's ruling on the JumpGuard issue.

15.     On December 5, 2003, the jury in the First Infringement Action returned a verdict against Hedstrom, finding that Hedstrom's JumpGuard products infringed certain claims of both JumpSport Patents.  The jury also found that another defendant, Jumpking, infringed various claims of the JumpSport patents.  Attached hereto as Exhibit I is a true and correct copy of the

jury Verdict in the First Infringement Action.  Post-trial motions are pending, and JumpSport expects both sides will ultimately appeal the judgment.

16.     On November 19, 2003, within a matter of days after the Court issued its ruling denying JumpSport's motion to reconsider the "JumpGuard" ruling, before the parties had finished presenting their cases to the jury in the First Infringement Action, and without advance notice to JumpSport or to the Court in that lawsuit, Hedstrom filed its declaratory relief Complaint in this lawsuit.  Hedstrom did not serve the complaint on JumpSport until January 16, 2004.

17.     On January 14, 2004, during the briefing on post-verdict motions in the First Infringement Action, JumpSport filed a complaint in the District Court for the Northern District of California against Hedstrom, Kmart, and other defendants, charging them with infringing JumpSport's patents through their manufacture and/or sale of Hedstrom trampoline enclosure products other than the JumpGuard units.  JumpSport served that complaint on the defendants therein by waivers of process signed January 15, 2004, and filed an amended complaint (dropping one of the retailers as a defendant) on February 20, 2004.  Attached hereto as Exhibit J is a true and correct copy of JumpSport Inc.'s First Amended Complaint for Infringement of Patents in that case, *JumpSport, Inc. v. Hedstrom Corp. et al.*, Case No. C-04-0199 PJH (N.D. Cal.) (the "Second Infringement Action"), dated February 20, 2004.

18.     On February 4, 2004, the Second Infringement Action was ordered "related" to the First Infringement Action, and reassigned to Judge Phyllis J. Hamilton who presided over the First Infringement Action.  Attached hereto as Exhibit K is a true and correct copy of a Related Case Order dated February 4, 2004 indicating that cases CV-01-4986 (N.D. Cal.) and CV-04-0199 (N.D. Cal.) are related within the meaning of Local Rule 3-12(b) of the Northern District of

California.  Attached hereto as Exhibit L is a true and correct copy of N.D. Cal. Civil L.R. 3-12(b).

I declare under penalty of perjury under the laws of the State of Massachusetts and the United States of America that the foregoing is true and correct and that this declaration was executed on the 26th day of February, 2004, in Emeryville, California.

/s/ Daniel J. Kroll
Daniel J. Kroll