*Hedstrom Corp. v. JumpSport, Inc.*
Case No. 03 12308 PBS

# Exhibit E

## to Declaration of Daniel J. Kroll
## in Support Of Defendant JumpSport, Inc.'s Motion to Dismiss or Transfer

120336.1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUMPSPORT, INC.,

    Plaintiff,

v.

JUMPKING, INC., et al.,

    Defendants.

No. C 01-4986 PJH

**ORDER RE NOV. 3 FILINGS**

Before this court are the parties' disputes concerning the joint comprehensive list of allegedly infringed claims, and defendants' notice and motion to exclude plaintiffs' late-submitted evidence re glider home exercise equipment and the Velinsky supplemental report, both filed at the beginning of trial on November 3, 2003. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby rules as follows.

A.     Disputes re Joint Comprehensive List of Allegedly-Infringed Claims

    1.     Upon review of Jumpsport's infringement contentions, the court finds that Jumpsport has limited its infringement contentions to Hedstrom's JumpGuard trampoline enclosures only. Even though Jumpsport did so based upon a mistaken belief that all of Hedstrom's products fell within this description, it took no steps to correct its contentions even though it became aware of its mistake before the pretrial conference, nor did Jumpsport bring it to the court's attention. Jumpsport may proceed only against Hedstrom's Jumpguard enclosures.

    2.     It is not entirely clear whether the parties dispute yet another term, "passageway." Counsel shall first meet and confer to decide whether this term is disputed and if so whether they want the court to construe the term. Although a definition for the

term was suggested in the supplemental claim construction order, the term remains unconstrued.

3.  Jumpsport may withdraw its infringement allegations regarding claims 18, 21, and 23 of the '207 patent and defendants may not present evidence of the invalidity of these withdrawn claims. The court will reconsider permitting defendants to go forward on these claims if defendants provide persuasive authority for doing so.

B.  Defendants' Motion in Limine

1.  Defendants' motion to exclude evidence concerning consent judgments against ICON and Wal-Mart concerning glider home exercise equipment is GRANTED as such evidence is irrelevant and more importantly unduly prejudicial to defendants.

2.  Defendants' motion to exclude the Velinsky supplemental expert report is GRANTED IN PART and DENIED IN PART. The portions of the Velinsky supplemental expert report and testimony thereon that rebut issues raised in defendants' expert reports concerning the Stotler and Aja prior art and other prior art raised by these experts in the recent depositions will be permitted into evidence. However, to the extent that the Velinsky supplemental report attempts to add new opinions on claim construction or infringement those portions and testimony are excluded.

**No party shall file another written motion during the course of this trial without leave of court.** If the parties whish to provide the jury with a revised Joint Comprehensive List of Allegedly-Infringed claims, they must first revise the list previously filed with the court to comport with this order.

This order fully adjudicates the matter listed at no. 499 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: November 5, 2003

PHYLLIS J. HAMILTON
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JUMPSPORT, INC.,

        Plaintiff,

v.

JUMPKING, INC.,

        Defendant.

Case Number: CV01-04986 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 5, 2003, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bruce C. Piontkowski
Ropers Majeski Kohn & Bentley
80 North First Street
San Jose, CA 95113

C. J. Veverka
Workman Nydegger & Seeley
1000 Eaglegate Tower
60 E. South Temple
Salt Lake City, UT 84111

Chad E. Nydegger
Workman Nydegger P.C.
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Christine A. Amatruda
Legal Strategies Group
5905 Christie Avenue
Emeryville, CA 94608-1925

David R. Wright
Workman Nydegger & seeley
1000 Eaglegate Tower
60 E. South Temple
Salt Lake City, UT 84111

John F. McKenna
Cesari and McKenna LLP
88 Black Falcon Avenue
Boston, MA 02210

Kevin Gannon
Cesari and McKenna LLP
88 Black Falcon Avenue
Boston, MA 02210

Larry R. Laycock
Workman Nydegger & Seeley
1000 Eaglegate Tower
60 E. South Temple
Salt Lake City, UT 84111

Peter H. Goldsmith
Legal Stategies Group
5905 Christie Avenue
Emeryville, CA 94608

R. Parrish Freeman
Workman Nydegger & Seeley
1000 Eaglegate Tower
60 E. South Temple
Salt Lake City, UT 84111

Thomas C. O'Konski
Cesari and McKenna LLP
88 Black Falcon Avenue
Boston, MA 02210

William Silas Farmer
Collette & Erickson LLP
555 California Street
Suite 4350
San Francisco, CA 94104

Dated: November 5, 2003

*Lurline Moriyama*
Richard W. Wieking, Clerk
By: Lurline Moriyama, Deputy Clerk