*Hedstrom Corp. v. JumpSport, Inc.*
Case No. 03 12308 PBS

# Exhibit H

## to Declaration of Daniel J. Kroll
## in Support Of Defendant JumpSport, Inc.'s Motion to Dismiss or Transfer

120336.1

- )1212

```
 1  FRIDAY, NOVEMBER 14TH, 2003              8:18 A.M.
 2              P R O C E E D I N G S
 3         (THE FOLLOWING PROCEEDING WERE HEARD
 4          OUTSIDE THE PRESENCE OF THE JURY:)
 5     THE COURT:  GOOD MORNING.
 6        BEFORE THE JURY COMES OUT, I WANTED TO ADDRESS THE
 7  PLAINTIFF'S QUESTION FOR RECONSIDERATION OF THE ORDER WITH
 8  RESPECT TO THE PRELIMINARY AND FINAL CONTENTIONS, INFRINGEMENT
 9  CONTENTIONS.
10        I READ THE PAPERS THAT YOU ALL SUBMITTED.  BOTH YOU
11  OF I BELIEVE, HAVE EXPRESSED EVERYTHING THAT YOU WISH TO
12  EXPRESS, SO I DON'T WANT TO INDULGE YOU ANY FURTHER IN THE
13  ISSUE.
14        I'M CONSTRAINED, HOWEVER, TO FIND THAT THE LOCAL
15  PATENT RULES NOT ONLY SUPPORT MY POSITION, BUT DICTATE THE
16  RESULT IN THE CASE.  LOCAL PATENT RULE 3-7, BOTH OF YOU CITE
17  AND RELY ON, AND YOU BOTH CITE SOME OF THE SAME CASES THAT
18  INTERPRET THAT RULE OR ITS PREDECESSOR.
19        AND I THINK IT MAKES IT PRETTY CLEAR THAT IT'S THE
20  PLAINTIFF'S BURDEN OF SHOWING GOOD CAUSE.  I HAVE YET TO HEAR
21  ANY GOOD CAUSE FOR THE FAILURE TO REQUEST LEAVE TO AMEND THE
22  CONTENTIONS.
23        AS I LOOK AT THE DOCUMENTATION SUBMITTED BY
24  HEDSTROM, IT APPEARS THAT NOTICE WAS FIRST GIVEN TO PLAINTIFFS
25  OF THEIR -- OF THE FACT THAT THE JUMPGUARD DID NOT REPRESENT
```

-01213

1  THE ENTIRETY OF HEDSTROM'S PRODUCTS AS EARLY AS JULY 10TH OF
2  2002, AND AGAIN ON AUGUST 1ST, 2002, ABOUT A YEAR AND A HALF
3  BEFORE TRIAL.
4       I ALSO NOTE THAT THE PLAINTIFF'S CONTENTIONS WERE
5  AMENDED TWICE AFTER THOSE DATES, AND, QUOTE, THE CONTENTIONS
6  DID NOT REFLECT A NEW UNDERSTANDING. PLAINTIFF'S COUNSEL
7  ARGUES IN THE WRITTEN REQUEST FOR RECONSIDERATION THAT IT
8  WASN'T UNTIL THE PREPARATION OF THE PRE-TRIAL PAPERS THAT IT
9  BECAME CLEAR THAT, INDEED, WE WERE TALKING ABOUT TWO DIFFERENT
10 SETS OF PRODUCTS.
11      EVEN IF THAT IS THE CASE, WHAT I WOULD HAVE EXPECTED
12 IS THAT PLAINTIFF'S COUNSEL WOULD HAVE IMMEDIATELY SOUGHT LEAVE
13 TO AMEND THEREAFTER.
14      I, FRANKLY, DON'T QUITE UNDERSTAND WHY A JOINT
15 PRE-TRIAL STATEMENT WOULD BE SUBMITTED THAT CONTAINS THE ERROR,
16 THE ERROR BEING PLAINTIFF'S COUNSEL'S MISUNDERSTANDING AS TO
17 THE EXTENT OF THE JUMPGUARD PRODUCTS.
18      GIVEN THAT A PRE-TRIAL STATEMENT WAS FILED, GIVEN
19 THAT NO MOTION IN LIMINE WAS FILED, NO REQUEST FOR RELIEF WAS
20 FILED, INDEED, THIS WAS BROUGHT TO MY ATTENTION IN THE JOINTLY
21 FILED STATEMENT OF CLAIMS. EVEN ON THE FIRST DAY OF TRIAL WHEN
22 IT WAS BROUGHT TO MY ATTENTION IN AN UNTIMELY FASHION, THERE
23 WAS STILL NO MOTION. THERE WAS NO MOTION FOR LEAVE. THERE WAS
24 SOME DISCUSSION AS TO WHOSE BURDEN IT WAS TO BRING IT FORWARD,
25 BUT IT CLEARLY WASN'T HEDSTROM'S BURDEN.

- 01214
1      THE CONTENTIONS WERE PLAINTIFF'S CONTENTION, SO IN
2  MY VIEW, IT'S THE PLAINTIFF'S BURDEN FOR SEEKING RELIEF, NOT
3  HEDSTROM'S BURDEN TO MAKE SURE THAT THE COURT WAS PROCEEDING IN
4  CONFORMITY WITH THE CONTENTIONS.
5      SO HEDSTROM WAS PERMITTED TO RELY UPON THE
6  CONTENTIONS AS THEY WERE WRITTEN, PARTICULARLY GIVEN THE
7  CONFIRMATION IN THE JOINT PRE-TRIAL STATEMENT. SO I PROBABLY
8  WOULD HAVE FOUND GOOD CAUSE IF THE MOTION HAD BEEN BROUGHT TO
9  ME AS SOON AS IT WAS DISCOVERED BY PLAINTIFF'S COUNSEL.
10      SINCE SUCH A MOTION WASN'T BROUGHT, I DON'T FIND
11  GOOD CAUSE, AND ALL OF PLAINTIFF'S ARGUMENT IN AN ATTEMPT TO
12  ESTABLISH GOOD CAUSE REALLY GO TO THE ACTIONS OF PREJUDICE TO
13  THE DEFENDANT, AND I DON'T FIND A COMPLETE ABSENCE OF
14  PREJUDICE, GIVEN RECENT EVENTS WITH REGARD TO MR. REIBER.
15      THEREFORE, I AM NOT GRANTING THE REQUEST FOR
16  RECONSIDERATION. JUMPSPORT IS LIMITED TO THE CONTENTIONS
17  CONTAINED IN ITS PRELIMINARY AND FINAL CONTENTIONS STATEMENT
18  FILED UNDER OUR LOCAL PATENT RULES.
19      LASTLY, I JUST WANT TO ADD THAT I AM ATTEMPTING TO
20  AT LEAST BE AS CONSISTENT AS I CAN BE. I JUST, YESTERDAY,
21  DENIED JUMPKING'S OBJECTIONS OR OVERRULED THEIR OBJECTIONS TO
22  AN EXPERT BECAUSE ON -- PRIMARILY, BECAUSE THE OBJECTIONS WERE
23  UNTIMELY.
24      SO I AM HOLDING BOTH SIDES TO THE SAME STANDARD.
25  YOU HAVE TO COMPLY WITH THE LOCAL RULES AND WITH MY PRIOR

- 01215
1  ORDERS. TO THE EXTENT THAT YOU DON'T DO THAT, YOU'RE REQUIRED
2  TO SHOW EXTREMELY GOOD CAUSE FOR NOT DOING SO, AND I DON'T FIND
3  PLAINTIFF HAS DONE SO IN THIS INSTANCE. I'M GOING TO NEED TO
4  PROCEED THIS MORNING.
5       MADAM CLERK, WOULD YOU BRING IN THE JURY.
6       THE CLERK: YES.
7       THE COURT: MR. LAYCOCK, PLEASE RESUME YOUR
8  CROSS-EXAMINATION.
9       AND GOOD MORNING, PROFESSOR VELINSKY.
10      THE WITNESS: GOOD MORNING.
11      MR. LAYCOCK: THANK YOU, YOUR HONOR.
12           CROSS-EXAMINATION
13 BY MR. LAYCOCK:
14 Q. GOOD MORNING, PROFESSOR VELINSKY.
15 A. GOOD MORNING.
16      MR. LAYCOCK: IF WE CAN BRING UP THE ELMO, PLEASE.
17 BY MR. LAYCOCK:
18 Q. PROFESSOR, I SHOW YOU A PAGE TAKEN FROM EXHIBIT 11-G, WHICH
19 WAS PUT BEFORE YOU AS PART OF YOUR DIRECT EXAMINATION
20 YESTERDAY. AND IN THIS PARTICULAR EXHIBIT, YOU'LL RECALL THAT
21 YOU MADE REFERENCE TO CERTAIN BOLTS. AND I THINK YOUR
22 TESTIMONY WAS THAT YOU REFERRED TO THIS ITEM RIGHT HERE AS A
23 REMOVABLE FASTENER; ISN'T THAT CORRECT?
24 A. THAT'S CORRECT.
25 Q. NOW, IN THIS PARTICULAR DOCUMENT, IT'S NEVER REFERRED TO AS