IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEDSTROM CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JUMPSPORT, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 03-12308 PBS |

## DECLARATION OF THOMAS C. O'KONSKI IN SUPPORT OF HEDSTROM CORPORATION'S OPPOSITION TO THE MOTION TO DISMISS

I, Thomas C. O'Konski, do hereby declare and state that the following is based upon my personal knowledge and I believe all of my statements to be true, except where based upon information and belief, and as to those statements, I am informed and believe them to be true.

1. I am a partner at Cesari and McKenna, LLP, 88 Black Falcon Avenue, Boston, MA 02210, which is counsel to the Plaintiff, Hedstrom Corporation, in the above-captioned action.

2. I am a member in good standing of the bar of Massachusetts and the United States District Court for the District of Massachusetts.

3. I submit this Declaration in connection with Plaintiff Hedstrom Corporation's Opposition to the Defendants' Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction, or to Transfer.

4. I was lead trial counsel for Hedstrom Corporation (and related retail defendants including Wal-Mart Stores, Inc., Sam's East, Inc., Sam's West, Inc., Hammacher, Schlemmer &

Co, Inc. and Alticor, Inc.) in a previous patent infringement suit initiated by JumpSport, Inc. in the United States District Court for the Northern District of California and captioned *JumpSport, Inc. v. Jumpking, Inc. et al.*, Case No. 01-4986 PJH (N.D. Cal.).

5. On November 14, 2003, following the Court's ruling from the bench that JumpSport had limited its infringement claims to Hedstrom's JumpGuard enclosures, Mark Publicover approached me and unequivocally threatened to re-sue Hedstrom for its manufacture and sale of non-JumpGuard enclosures. No indication was given by Mr. Publicover as to when such suit would be brought. These threats have never modified or withdrawn by JumpSport.

6. Considering JumpSport's direct and unequivocal threat, and desiring to remove, as expeditiously as possible, the stigma of any further infringement charge against the non-JumpGuard enclosures for itself and its retail customers, Hedstrom filed this declaratory judgment action on November 18, 2003 in this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of March, 2004 at Boston, Massachusetts.

_____
Thomas C. O'Konski