IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEDSTROM CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-12308 PBS |
| ) | |
| JUMPSPORT, INC., ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF KEVIN GANNON IN SUPPORT OF HEDSTROM
CORPORATION'S OPPOSITION TO THE MOTION TO DISMISS**

I, Kevin Gannon, do hereby declare and state that the following is based upon my personal knowledge and I believe all of my statements to be true, except where based upon information and belief, and as to those statements, I am informed and believe them to be true.

1. I am an associate at Cesari and McKenna, LLP, 88 Black Falcon Avenue, Boston, MA 02210, which is counsel to the Plaintiff, Hedstrom Corporation, in the above-captioned action.

2. I am a member in good standing of the bar of Massachusetts and the United States District Court for the District of Massachusetts.

3. I submit this Declaration in connection with Plaintiff Hedstrom Corporation's Opposition to the Defendants' Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction, or to Transfer.

4. This controversy dates back to December of 2001, when JumpSport filed a patent infringement lawsuit in the United States District Court for the Northern District of California

against Hedstrom and a number of retail defendants who sold Hedstrom's accused products, including Wal-Mart Stores, Inc., Sam's East, Inc., Sam's West, Inc., Alticor, Inc., and Hammacher, Schlemmer & Co., Inc. (the "First Action"). In the First Action, JumpSport alleged that all of Hedstrom's trampoline enclosures, not just Hedstrom's JumpGuard brand enclosures, infringed U.S. Patents 6,053,845 and 6,261,207. The parties engaged in almost two years of fact and expert discovery related to all of Hedstrom's enclosures.

6. Attached hereto as Exhibit A is a true and accurate copy of relevant pages from the Patent Local Rules for the Northern District of California.

7. JumpSport complied with Patent Local Rule 3-1, and for reasons only known to it and its lawyers, limited its infringement contentions to Hedstrom JumpGuard enclosures only.

8. On the first day of trial, upon the first introduction of evidence, Hedstrom brought to the Court's attention the fact that JumpSport had limited its Infringement Contentions under Patent Local Rule 3-1 to Hedstrom's JumpGuard enclosures only, even though discovery had been provided on all of Hedstrom's enclosures including Hedstrom's non-JumpGuard enclosures.

9. Because of JumpSport's direct and unequivocal threat, and desiring to remove, as expeditiously as possible, the stigma of any further infringement charge against the non-JumpGuard enclosures for itself and its retail customers, Hedstrom filed this declaratory judgment action on November 18, 2003 in this Court.

10. Attached hereto as Exhibit B is a true and accurate copy of JumpSport's Original Complaint in the Second Action filed on January 14, 2004.

11. The Court in the First Action retained for its resolution the issues concerning Hedstrom's and the other Defendants' inequitable conduct counterclaim against JumpSport and

JumpSport's request for the correction of inventorship on the patents under 35 U.S.C. § 256. The parties have fully briefed these matters and both are pending before the Court. Either an allowance of Defendants' inequitable conduct motion or a denial of JumpSport's motion to correct inventorship will result in invalidation of the '845 and '207 patents and moot this Action. Even if neither of these events occurs, once the Court enters final judgment in the First Action, Hedstrom expects that both sides will file numerous renewed motions for judgment as a matter of law. Further, if necessary, Hedstrom and the other defendants expect to appeal at least certain aspects of the Court's claim construction rulings.

12. Information which Hedstrom has recently received indicates one of the reasons JumpSport dropped Wal-Mart Stores, Inc. as a defendant in the Second Action, because Wal-Mart Stores, Inc. is currently selling trampoline enclosures manufactured by JumpSport's sole licensee, Shen Tai Manufacturing, Shen-Li, under the trade name Leisure Kingdom.

13. In the First Action, Hedstrom was forced to attend a trial in which the majority of the time and testifying witnesses related to JumpSport's unfair competition claims against another defendant in the case, Jumpking. Inc., which had nothing to do with the claims asserted against Hedstrom. Because the Court planned to take Wednesdays off instead of Mondays or Fridays, Hedstrom's counsel, whose offices are located in Boston, Massachusetts, and Hedstrom's witnesses were forced to stay in San Francisco all week for four full weeks and travel only as permitted to and from the East Coast, during the two day weekends.

14. Attached hereto as Exhibit C is a true and accurate copy of Defendant Hedstrom Corporation's Administrative Request For An Order Establishing Schedule For Presentation of Evidence at Trial which was filed in the First Action August 26, 2003.

15. Attached hereto as Exhibit D is a true and accurate copy of Plaintiff JumpSport, Inc.'s Opposition to Hedstrom Corporation's Administrative Request For An Order Establishing Schedule For Presentation of Evidence at Trial which was filed in the First Action August 28, 2003.

16. Attached hereto as Exhibit E is a true and accurate copy of the Order Denying Hedstrom's Administrative Request Re Trial which was entered in the First Action August 28, 2003.

17. Hedstom plans to file a motion for summary judgment that JumpSport's renewed claims against Hedstrom's non-JumpGuard enclosures are fully barred by the doctrines of claim preclusion and res judicata. This Action will likely only require counsel's briefing of the claim preclusion issue and one hearing relating to that briefing.

18. Attached hereto as Exhibit F is a true and accurate copy of pages from JumpSport's Internet website www.jumpsport.com.

19. Attached hereto as Exhibit G is a true and accurate copy of pages from BJ's Wholesale Club's Internet website www.bjs.com.

20. Attached hereto as Exhibit H is a true and accurate copy of letter dated May 20, 2003 from Steve Moulton, JumpSport' VP and General Counsel, to Target Corporation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of March, 2004 at Boston, Massachusetts.

_____
Kevin Gannon