IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HEDSTROM CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 03-12308 PBS |
| v. | ) ) | |
| JUMPSPORT, INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT JUMPSPORT, INC.'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1)
12(b)(2), 12(b)(3) and 28 U.S.C. § 2201, OR TO TRANSFER PURSUANT
TO U.S.C. § 1404(a)**

Gregg Shapiro (BBO #642069)
CHOATE HALL & STEWART
Exchange Place
Boston, MA 02109-2891
(617) 248-5000

Peter H. Goldsmith (*pro hac vice*)
Christine A. Amatruda (*pro hac vice*)
TOWNSEND AND TOWNSEND AND CREW
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
(415) 576-0200

Attorneys for Defendant JumpSport, Inc.

March 25, 2004

I.      **INTRODUCTION**

With the assent of Plaintiff Hedstrom Corporation ("Hedstrom"), Defendant JumpSport, Inc. ("JumpSport") submits this reply brief in support of its Motion to Dismiss or Transfer. Hedstrom opposes JumpSport's motion on grounds that are irrelevant to the motion, including that there is an actual "case or controversy" here, and that personal jurisdiction over JumpSport is consistent with constitutional due process. First, Hedstrom ignores authority establishing that, even in cases of actual controversy, the Court should refuse to exercise its declaratory relief jurisdiction in cases where, as here, dismissal will further judicial economy, the just and efficient resolution of disputes, and the convenience of the litigants and witnesses. Because there are two actions involving the same parties and issues pending in the Northern District of California, one of which has resulted in a judgment against Hedstrom on the same claims of patent invalidity and unenforceability asserted in this action, and because none of the witnesses or parties are located in Massachusetts, the Court should dismiss this preemptive action filed in an attempt to forum shop, or transfer it to the Northern District of California.

Second, while Hedstrom argues that personal jurisdiction over JumpSport would be proper under the Due Process Clause of the Constitution, Hedstrom completely ignores its burden of establishing jurisdiction under the Massachusetts long arm statute, which is a prerequisite to any due process analysis. Under the long-arm statute and authority construing it, jurisdiction is proper only if the claim "arises from" a defendant's transaction of business in the state. Here, even though JumpSport's products were sold in the state by a retailer, and are available for purchase through JumpSport's website, this action does not arise from such sales, but instead arises from Hedstrom's infringement of JumpSport's patents. General jurisdiction is also absent because JumpSport's contacts with Massachusetts are not substantial enough to

justify requiring it to defend claims in a distant forum. Nor is venue proper in Massachusetts, because JumpSport is not subject to personal jurisdiction there.

Third, Hedstrom opposes JumpSport's motion to transfer this action to the most convenient forum, the Northern District of California, with inconsistent arguments. Hedstrom argues first that the action will be summarily disposed of in Hedstrom's favor, and witnesses will not be required to appear, making the convenience of witnesses unimportant. JumpSport disputes this assessment of the case because its infringement claims are not barred by res judicata. But even if such a motion is filed by Hedstrom, the Northern District of California is best equipped to decide a potentially dispositive motion about the res judicata effect of that Court's prior order made pursuant to the Northern District of California Patent Local Rules. Hedstrom's second argument is that Hedstrom will be inconvenienced by a California forum. However, when the convenience of all of the witnesses and parties is considered, that factor weighs in favor of the California forum, because JumpSport and its witnesses are located there, whereas neither JumpSport nor Hedstrom, nor their witnesses, are located in Massachusetts. Hedstrom has completely failed to establish any connection between itself or its witnesses and Massachusetts.

Most importantly, judicial economy and trial efficiency support a transfer to the California forum. The first infringement action is still pending in California, and numerous post trial motions remain to be filed and heard. That action will be appealed, and any remand will be to the Northern District of California. JumpSport has already filed a second infringement action against Hedstrom and three other defendants in California, which was designated a "related case" to the first action, and assigned to the same trial judge. Hedstrom is able to file its declaratory relief claims as a counterclaim in that action, as it did in the first action. The California district

2

court is best equipped to resolve Hedstrom's declaratory relief action, because of the substantial overlap in issues. Indeed, that court has ruled against Hedstrom in the first action on the same declaratory relief claims of patent invalidity and unenforceability that are asserted in this action. Many of that Court's orders, such as the claim construction rulings, the summary judgment rulings, pretrial rulings on prior art, as well as the judgment of patent validity and enforceability, will be accorded collateral estoppel effect. Finally, none of the three other defendants named in the California action is a party to the Massachusetts action, and none has its principal place of business in Massachusetts.

## II.     THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS HEDSTROM'S DECLARATORY RELIEF ACTION.

Hedstrom contends that its declaratory relief action should not be dismissed or transferred because there is an "actual controversy" between the parties regarding Hedstrom's continued manufacture and sale of infringing trampoline enclosures. But the existence of an actual controversy is not dispositive of the motion to dismiss, and the Court retains full discretion to dismiss the action. "[C]onsiderations of judicial and litigant economy, and the just and effective disposition of disputes" may require dismissal of a declaratory relief action, even if it is there is an actual controversy and even if it is the first-filed action. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). Where, as here, the declaratory relief action is one of several actions, and plaintiff, knowing that defendant will proceed with an action, files in a distant forum where neither party resides (in effect, a preemptive strike or forum shopping), the Court should dismiss the action. (*See* cases cited in JumpSport's Opening Brief.)

The existence of an "actual controversy" is not disputed. In the trial of the first action, both JumpSport and Hedstrom openly acknowledged that if the trial court ruled that only the Hedstrom JumpGuard enclosures were covered by the infringement claims, then JumpSport

3

would file a second action against Hedstrom. There was no uncertainty about it; and furthermore *Hedstrom* advocated that the second action should be deferred until after the verdict in the first action, because resolution of the first action could lead to settlement or withdrawal of the claims.

In the briefing on whether the pending action excluded Hedstrom's non-JumpGuard units, JumpSport argued that allowing the case to proceed against all Hedstrom units would conserve judicial resources, since JumpSport would file a new action against Hedstrom if the order excluding those units remained unchanged. (Kroll Decl., Exh. F.)

Hedstrom opposed the motion for reconsideration, and argued:

> In its letter brief, JumpSport contends, and cites case law supporting its contention that ***it will still be able to proceed against Hedstrom in a subsequent suit*** if it cannot add infringement allegations relating to Hedstrom's non-JumpGuard products in this case. [Citation omitted.] If this is true, then a denial of JumpSport's request will neither lead to a windfall for Hedstrom nor prejudice JumpSport in any significant way. At most, ***it will simply postpone JumpSport's recovery*** of any further damages that it might be entitled to based upon a finding of infringement by the non-JumpGuard products. ***If JumpSport's patents are declared not infringed, invalid and/or unenforceable, there will be no need for a second action. If, on the other hand, JumpSport's patents are upheld, the major obstacle to settlement will be removed and it is likely that resolution will be reached by agreement.*** In either event, there will be no prejudice to JumpSport.

(Kroll Decl., Exh. G, emphasis added.)

Thus, not only was Hedstrom fully aware that JumpSport would file another action, but Hedstrom asserted that it was most appropriate for JumpSport to wait until after the verdict in the first infringement action before filing the second action. That is exactly what JumpSport did, filing the second action on January 14, 2004. Hedstrom, however, did not wait for the outcome of the first action, but instead filed its declaratory relief action on November 18, 2003, only two court days after the Court denied the motion for reconsideration. But Hedstrom never notified the Court or JumpSport about its preemptive filing of the declaratory relief action, and in fact only served its complaint on JumpSport two months later, *after* Hedstrom was served with

4

JumpSport's second infringement action. At the least, this conduct calls into question Hedstrom's argument that it was compelled to file the declaratory relief action so that the dispute would be resolved "as expeditiously as possible." (O'Konski Decl. at ¶ 5.)[1]

As set forth in JumpSport's moving papers, the existence of an actual controversy simply means the Court has jurisdiction over the declaratory relief action. But even where jurisdiction exists, the Court must exercise its discretion and decide whether to hear the declaratory relief action or to dismiss it because of other pending actions. Here, the relevant factors, including "considerations of judicial and litigant economy, and the just and effective disposition of disputes," support dismissal of this action. *See e.g., Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931 (Fed. Cir. 1993). Hedstrom has completely failed to address the Court's discretionary authority to dismiss this action in favor of the pending California actions, or to rebut the authorities cited by JumpSport that support dismissal of this action. Moreover, the authority relied upon by Hedstrom is consistent with the authority cited by JumpSport, and holds that the Court may exercise its discretion to dismiss a declaratory relief action even if it is the first filed action and there is an actual controversy. *See Genentech,* 998 F.2d at 937.[2]

---

[1] Hedstrom relies upon purported statements made by Mark Publicover, JumpSport's president, during a conversation with Hedstrom's counsel, Thomas O'Konski. JumpSport notes that any conversation between Hedstrom's counsel and JumpSport's president was inappropriate under the California Rules of Professional Conduct, which prohibit communications between opposing counsel and a represented party without the consent of the party's counsel. *See* Rule 2-100, Cal. R. Prof. Conduct; L.R. 11-4, N.D. Cal. Civil Local Rules. JumpSport's intent to sue Hedstrom was well known to Hedstrom from communications with counsel, and these unauthorized communications should not be considered by the Court.

[2] Hedstrom cites *TPM Holding Inc. v. Intra-Gold Industries, Inc.,* 91 F.3d 1 (1st Cir. 1996) to argue that the first-filed action is preferred. But in that case the First Circuit explicitly recognized that any preference for a first-filed action may be overcome by factors such as the likelihood of conflict, and "the comparative advantage and the interest of each forum in resolving

Footnote continued on next page

### III. THE COURT SHOULD DISMISS THIS ACTION FOR LACK OF JURISDICTION OVER JUMPSPORT.

#### A. Plaintiff Has Not Met Its Burden of Proving Jurisdiction Over JumpSport Under the Massachusetts Long-Arm Statute.

Hedstrom has the burden of proving personal jurisdiction over JumpSport in Massachusetts, which requires a showing both that JumpSport's conduct satisfies the Massachusetts long arm statute, and that the exercise of jurisdiction under that statute comports with due process. *Sterilite Corp. v. Spectrum Int'l., Inc.,* 1997 U.S. Dist. LEXIS 11151, 43 U.S.P.Q.2d 1198 (D. Mass. 1997). Under Massachusetts law, Hedstrom must show both that JumpSport is transacting business in Massachusetts, and that the claim arises from the transaction of business. (G.L. c. 223a §3(a).) JumpSport's only contacts with Massachusetts are that a regional retailer, BJ's Wholesale Club, sells JumpSport enclosures that it receives from JumpSport in another state; and that JumpSport's web site is accessible in Massachusetts. Even if these attenuated contacts constituted the transacting of business by JumpSport in Massachusetts, Hedstrom cannot show that its declaratory relief action *arises from* any such contacts between JumpSport and Massachusetts consumers. The declaratory relief action seeks relief on three issues: a declaration of non-infringement by Hedstrom's products; a declaration that JumpSport's patents are invalid and unenforceable; and a declaration that JumpSport is barred from asserting the patents against Hedstrom by res judicata and collateral estoppel. None of these claims arises from any sales of JumpSport enclosures in Massachusetts, and the res judicata and collateral estoppel effect of the California judgment will be determined based on the

---

Footnote continued from previous page

the dispute." *Id.* at 4. *See also Genentech,* 998 F.2d at 938 (any preference for first-filed action "should yield to the forum in which all interests are best served.")

facts and law presented in the California case. *See Sterilite,* 1997 U.S. Dist. LEXIS 11151 at *11, where the court held that even if the sales of the patent holder's product in Massachusetts met the "transacting business" prong, the declaratory relief action did not "arise from" these transactions: "the real transaction at issue in [plaintiff's] lawsuit is the grant of the patent by the PTO."

Hedstrom's failure to carry its burden of proof on establishing personal jurisdiction over JumpSport is shown by its unsupported (and irrelevant) argument that jurisdiction should be found because what "truly underlies" the declaratory relief claim "is JumpSport's attempt to prevent competition in the sale of trampoline enclosures." (Opp. Br. at 13.) No such unfair competition claim has ever been pled by Hedstrom, either in this action or in the first action. Moreover, patents permit the patent holder to legitimately exclude other competitors from offering infringing products, and JumpSport is entitled to enforce its patent rights.

### B.    Personal Jurisdiction Over JumpSport Is Not Consistent With Due Process.

As was set forth in JumpSport's moving papers, Hedstrom has also failed to establish that it would comport with due process to exercise personal jurisdiction over JumpSport in Massachusetts. Specific jurisdiction cannot be established because, as set forth above, JumpSport's contacts with Massachusetts are not sufficiently related to the subject matter of this declaratory relief action to meet the requirement that there be a nexus between the contacts and the cause of action.

Nor is general jurisdiction appropriately exercised here, because JumpSport's limited contacts with Massachusetts are not the type of "continuous and systematic" contacts relied upon in the cases cited by Hedstrom. Thus, in *Buckeye Assn. v. Fila Sports, Inc.,* 616 F. Supp. 1484, 1494 (D. Mass. 1985), the court dismissed the action for lack of personal jurisdiction, holding that there was not sufficient evidence of the nature and scope of defendants' sales to department

7

stores in Massachusetts. Similarly, Hedstrom relies only on speculation about the number of enclosures that JumpSport may have sold to BJ's Wholesale Club, some of which in turn may have been sold in Massachusetts. This is not sufficient evidence upon which to base personal jurisdiction, particularly where the sales are freight on board in another state, and have no connection to the claims. *See Cambridge Library Props, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 295 F.3d 59, 64 n.3 (1st Cir. 2002) (sales by an independent distributor do not count as contacts by a manufacturer). Nor is there any evidence about the volume of sales made through JumpSport's website in Massachusetts. Hedstrom has not cited any authority in which general jurisdiction was exercised over an out-of-state defendant based on such attenuated sales contacts and without any credible evidence of a large volume of sales in the jurisdiction. *Cf. Measurement Computing Corp. v. General Patent Corp.* Int'l., 2004 U.S. Dist. LEXIS 2082 (D. Mass. Feb. 10, 2004) (no personal jurisdiction over defendant patentee in declaratory relief action because claim did not arise out of or relate to purposeful contacts in state which included presence of patent licensees in Massachusetts); *Venture Tape Corp. v. McGills Glass Warehouse*, 292 F. Supp. 2d 230 (D. Mass. 2003) (website must specifically target forum state). Finally, venue in this District is not proper because of the lack of personal jurisdiction over JumpSport.

IV.  **IF THE COURT DOES NOT DISMISS THIS ACTION, IT SHOULD TRANSFER IT TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT T0 28 U.S.C. § 1404(a).**

Hedstrom argues against transfer of this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a) because it was the 'first filed' action. But this factor alone is not sufficient to defeat transfer, because as the statute expressly provides, transfer may be warranted "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Moreover, Hedstrom is simply wrong when it claims that Federal Circuit law, and not regional circuit law, should apply. The Federal Circuit applies the law of the regional circuit in reviewing

8

orders to transfer patent actions pursuant to 28 U.S.C. § 1404 (a).  *See, e.g., Storage Tech. Corp. v. Cisco Sys., Inc.,* 329 F.3d 823, 836 (Fed. Cir. 2003) (district court's transfer of case to California district court appropriate under Seventh Circuit law).

      The convenience of the parties and the witnesses is furthered by transferring the action to the Northern District of California.  Hedstrom argues that the convenience of the witnesses is of little or no importance because the action will allegedly be resolved on Hedstrom's motion for summary judgment on claim preclusion grounds.  Hedstrom's assessment of the application of claim preclusion is not correct, because JumpSport is not barred from filing an infringement claim against the non-JumpGuard enclosures.  *See, e.g., Pfaff v. Wells Elects., Inc.,* 5 F.3d 514 (Fed. Cir. 1993); *Del Mart Avionics Inc. v. Quinton Instrument Co.,* 836 F.2d 1320 (Fed. Cir. 1987).  Moreover, the Northern District of California is in the best position to determine to what extent its prior ruling should be granted res judicata and collateral estoppel effect, particularly since it was based on the Local Patent Rules.

      Moreover, the convenience of the witnesses and parties supports transfer to the California forum.  None of *either* parties' witnesses are based in Massachusetts, and therefore all witnesses would be inconvenienced by travel and expense if the action were maintained in Massachusetts.  Indeed, in the first action, in several instances, Hedstrom required JumpSport to travel to Pennsylvania for discovery, based on the claimed inconvenience of making Hedstrom witnesses and evidence available in Boston.  (Amatruda Decl., ¶4.)  And any inconvenience Hedstrom suffered from scheduling orders in the trial of the first action are irrelevant, since JumpSport's new action does not include parties or claims unrelated to Hedstrom.

      This Court also should transfer the action in the interest of justice.  A comparison of the California forum to the Massachusetts forum on issues such as the Court's familiarity with the

9

law, the relationship of the community to the occurrence, and the desirability of resolving controversies in their locale, shows that California is a far more convenient forum.

## V.     CONCLUSION

For the foregoing reasons, JumpSport respectfully requests that the Court grant its Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1), 12(b)(2), 12(b)(3) and 28 U.S.C. § 2201, or to Transfer Pursuant to 28 U.S.C. § 1404(a).

DATED:  March 25, 2004.              Respectfully submitted,

JUMPSPORT, INC.

By its attorneys,

/s/ Christine A. Amatruda
PETER H. GOLDSMITH (*pro hac vice*)
CHRISTINE A. AMATRUDA (*pro hac vice*)
Townsend and Townsend and Crew
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111-3834
Tel:  415-576-0200
Fax:  415-732-1222
phgoldsmith@townsend.com
caamatruda@townsend.com

GREGG D. SHAPIRO (BBO # 642069)
Choate, Hall & Stewart
53 State Street
Boston, MA 02109-2804
Tel:  617-248-5279
Fax:  617-248-4000
gds@choate.com

60173952 v1