IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEDSTROM CORPORATION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No. 03-12308 PBS <br> ) |
| JUMPSPORT, INC., | ) <br> ) |
| Defendant. | ) <br> ) |

## JOINT STATEMENT

The parties, Plaintiff, Hedstrom Corporation ("Hedstrom"), and Defendant, JumpSport, Inc. ("JumpSport"), submit this joint statement pursuant to Local Rule 16.1(D).

### POSITIONS OF THE PARTIES

1. <u>Hedstrom's Position</u>

Hedstrom filed this Declaratory Judgment action after JumpSport directly and unequivocally threatened to re-sue Hedstrom alleging that Hedstrom's non-JumpGuard trampoline enclosures infringe U.S. Patents 6,053,845 and 6,261,207 (the "'845 patent" and "'207 patent", respectively). JumpSport sued Hedstrom in a prior action in the Northern District of California alleging that the '845 and '207 patents were infringed by Hedstrom's JumpGuard trampoline enclosures. Hedstrom bases its request for declaratory relief on its contention that any renewed infringement action against Hedstrom's non-JumpGuard enclosures based on the '845 and '207 patents is barred under the doctrines of *res judicata* and claim preclusion as well as on its assertions of non-infringement and patent invalidity. Hedstrom plans to file a motion

for summary judgment that JumpSport's renewed claims against Hedstrom's non-JumpGuard enclosures are fully barred by the doctrines of claim preclusion and res judicata and will agree to file that Motion no later than May 17, 2004. The Northern District of California is no better equipped than this Court to resolve the issues likely to be involved in this case, particularly the claim preclusion and res judicata issue which should dispose of the case.

2. JumpSport's Position

JumpSport has filed a motion to dismiss or transfer this action, on the grounds that it is not properly brought under the Declaratory Relief Act, that this Court lacks personal jurisdiction over JumpSport, and that venue is improper. JumpSport seeks, in the alternative, an order transferring this action to the Northern District of California, where two related actions are pending before the Honorable Phyllis J. Hamilton, U.S. District Court Judge. Because JumpSport's motion to dismiss or transfer is pending, JumpSport respectfully submits that it would be premature to schedule further discovery and hearing dates in this action until the Court has decided the motion to dismiss or transfer.

Furthermore, contrary to Hedstrom's argument, this action cannot be resolved by motion for summary judgment because even if Hedstrom were correct about the application of res judicata, *which it is not*, JumpSport would not be precluded from suing Hedstrom for its substantial post-verdict infringing sales of non-JumpGuard units. Moreover, JumpSport's infringement claims against Hedstrom are not barred by res judicata or issue preclusion because under applicable Federal Circuit authority, patent infringement claims involving a second infringing device may be brought in a second action where they were not the subject of the first action. In any event, Judge Hamilton, who issued the limitation order in the first action, is in the best position to determine the preclusive effect, if any of that decision.

JumpSport has already filed a second action for patent infringement in the Northern District of California against Hedstrom and several of its retailers. Hedstrom can easily bring its declaratory relief claims as counterclaims in that action. The trial court in the Northern District of California is best equipped to determine JumpSport's claims and Hedstrom's defenses because all of the dispositive motions that are likely to be filed by the parties will be based on the California court's prior orders and judgments. These may include motions for summary judgment by JumpSport on infringement and invalidity, based on the Court's prior claim construction orders, summary judgment orders, the jury verdict and the judgment; and motions that address the application of claim preclusion and issue preclusion arising from those orders. In the California action, the Court has already conducted lengthy claim construction proceedings under the Patent Local Rules, the Court has denied several summary judgment motions brought by Defendants on their invalidity claims, and the Court has decided claims that were reserved to the Court, including Defendants' defenses of invalidity for improper inventorship and inequitable conduct. The jury found that Hedstrom's JumpGuard enclosures infringed several of the asserted claims of both patents. The jury further rejected most of Hedstrom's invalidity challenges to the JumpSport patents on the grounds of anticipation and obviousness. The district court found in JumpSport's favor on Hedstrom's invalidity challenge based on improper inventorship and its inequitable conduct counterclaim. The California district court has entered judgment on the jury's verdict. Renewed motions for judgments as a matter of law are pending before the Court.

Dismissing this action, or transferring it to California, would further judicial economy and convenience to the litigants because the Northern District of California is in the best position to resolve the parties' claims and defenses, and address the preclusion arguments, having already entered orders and judgments resolving many of the same issues. Therefore, JumpSport

respectfully submits that this action should be dismissed or transferred, and no further proceedings scheduled herein.

## AGENDA FOR SCHEDULING CONFERENCE

1. <u>Discovery Plan</u>

   A. Hedstrom proposes the following as a discovery plan:

   May 3, 2004--Deadline for motions to amend the pleadings.

   May 17, 2004--Deadline for filing Hedstrom's motion for summary judgment based on res judicata and claim preclusion

   July 8, 2004--Deadline for serving expert reports on any issue as to which the party bears the burden of proof.

   August 9, 2004--Deadline for rebuttal expert reports.

   August 13, 2004--Deadline to complete all discovery.

   September 14, 2004--Deadline for filing all other dispositive motions.

   B. JumpSport submits the following regarding a discovery plan:

   No discovery plan should be imposed because this action should be dismissed, or transferred to the Northern District of California. Moreover, any discovery schedule for any new action between the parties (whether pending in California or Boston) should be streamlined to account for the substantial discovery, and pretrial and trial proceedings, that have been conducted in the Northern District of California. Once the proper forum is chosen, any discovery should be conducted so that the first phase is restricted to matters that are relevant to dispositive motions to be filed by the parties.

   C. The parties agree there will be no exceptions to the limitations on discovery events in the Federal Rules.

2. <u>Trial Before Magistrate Judge</u>

The parties do not assent to a trial before a Magistrate Judge.

3. <u>Alternative Dispute Resolution</u>

Hedstrom suggests mediation before a senior judge. JumpSport submits that alternative dispute resolution should be conducted in the Northern District of California, to address the two pending actions, and to include the additional parties (Hedstrom retailers) who are parties in California but not Massachusetts.

4. <u>Certifications</u>

The certifications required by Rule 16.1(d)(4) are attached.

HEDSTROM CORPORATION

By Its Attorneys,

THOMAS C. O'KONSKI, BBO #377475
KEVIN GANNON, BBO #640931
Cesari and McKenna, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 951-2500
Fax: (617) 951-3927

JUMPSPORT, INC.

By its Attorneys,

*[signature]*

Peter H. Goldsmith
Christine A. Amatruda
Townsend and Townsend and Crew, LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111-3834
Telephone: (415) 576-0200
Fax: (415) 576-0300
admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was served by facsimile and first class mail on April 6, 2004 to:

>Peter H. Goldsmith
>Christine A. Armatruda
>Townsend and Townsend and Crew, LLP
>Two Embarcadero Center
>8th Floor
>San Francisco, CA 94111-3834
>
>Gregg D. Shapiro
>Choate, Hall & Stewart
>53 State Street
>Boston, MA 02109

_____
Kevin Gannon